**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-4031**

———————————

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

DABIAM JAMARR PHARR, a/k/a Boo Boo,

            Defendant – Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:08-cr-00467-TDS-1)

———————————

Submitted:  May 20, 2010            Decided:  June 15, 2010

———————————

Before NIEMEYER, KING, and DAVIS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dabiam Jamarr Pharr pled guilty in accordance with a written plea agreement to conspiracy to distribute five or more grams of cocaine base ("crack"), 21 U.S.C. § 846 (2006), and was sentenced to 155 months in prison. Pharr now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the sentence is reasonable but stating that there are no meritorious issues for review. Pharr was advised of his right to file a pro se supplemental brief but has not filed such a brief. We affirm.

After thoroughly reviewing the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that the district court fully complied with the Rule. Further, we find that Pharr knowingly and voluntarily entered his guilty plea and that there was a factual basis for the plea.

Pharr's total offense level was 31, his criminal history category was VI, and his advisory Guidelines range was 188-235 months. There were no objections to the presentence investigation report. However, Pharr contended that his background warranted a sentence at the low end of the range. He also requested a sentence below that range based on the sentencing disparity between offenses involving cocaine base and those involving powder cocaine. The United States acknowledged

2

that the court had discretion to vary downward based on the disparity but took no position on whether the court should impose a variant sentence.

At sentencing, after hearing from counsel and Pharr, and considering both the advisory Guidelines range and the 18 U.S.C. § 3553(a) (2006) sentencing factors, the court sentenced Pharr to 155 months in prison. The court observed that the instant offense involved numerous drug sales, and the court took note of Pharr's criminal history, which included drug offenses and violent crimes. The court also commented on Pharr's difficult childhood, his lack of a significant employment history, his not having a high school diploma, and his need for substance abuse treatment. Finally, the court acknowledged the crack/powder disparity, stating that if the instant offense had involved powder cocaine, the advisory Guidelines range would have been 151 to 188 months.

We conclude that the sentence is procedurally and substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007). The court properly calculated Pharr's advisory Guidelines range, considered the § 3553(a) factors, and sufficiently explained the variant sentence. See id.; United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008).

After reviewing the entire record in accordance with Anders, we conclude that there are no meritorious issues for appeal. We therefore affirm Pharr's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on his client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED